**LUM, DRASCO & POSITAN LLC**
103 Eisenhower Parkway, Suite 401
Roseland, New Jersey 07068-1049
T: 973.403.9000
F: 973.403.9021
Dennis J. Drasco, Esq.
NJ Attorney ID #002181973
ddrasco@lumlaw.com

**IN THE UNITED STATES DISTRICT COURT
FOR NEW JERSEY**

| | |
|---|---|
| SHANGHAI QIANZHUO NETWORK TECHNOLOGY CO., LTD., A.K.A. FUTUREDIAMOND AND SHANGHAI LANPIN HAIZHUO TECHNOLOGY CO., LTD. A.K.A. LOVINTRY,<br><br>Plaintiffs,<br><br>v.<br><br>DEBRA LUFRANCO,<br><br>Defendant. | Case No. |

**COMPLAINT**

Shanghai Qianzhuo Network Technology Co., Ltd., a.k.a. FutureDiamond and Shanghai Lanpin Haizhuo Technology Co., Ltd. a.k.a. LovIntry, (collectively "Plaintiffs") hereby bring the present action against Debra Lufranco and state as follows.

I.   **JURISDICTION AND VENUE**

1. Plaintiffs bring this action under Title 35 of the United States Code, and under 28 U.S.C. §§2201 and 2202, to obtain a declaratory judgement of non-infringement and invalidity with respect to U.S. Patent No. 11,930,789 (the " '789 patent"), under 35 U.S.C. § 101 *et seq*.

2. Exhibit 1 is a true and correct copy of the '789 patent.

3. Exhibit 2 is a true and correct copy of the file history of the '789 patent.

4. This Court has original subject matter jurisdiction over the patent-related claims pursuant to the provisions of the Patent Act, 35 U.S.C. § 1 *et seq.*, 28 U.S.C. § 1338(a)-(b) (exclusive patent claim jurisdiction and jurisdiction over associated unfair competition claims), and 28 U.S.C. § 1331 (original federal question jurisdiction).

5. This Court has supplemental jurisdiction over Plaintiffs' state law and common law claims pursuant to 28 U.S.C. § 1367(a).

6. Defendant is an individual.

7. Defendant maintains an address of 35 E. Mockingbird Way, Galloway, New Jersey, 08205.

8. 35 E. Mockingbird Way, Galloway, New Jersey, 08205 is Defendant's personal residence.

9. Defendant has interfered with Plaintiffs and Plaintiffs' customers across the United States by causing the shutdown of Plaintiff e-commerce store product listings catering to United States residents and preventing Plaintiffs from selling products to their U.S. customers, including their customers in the state of New Jersey.

10. Defendant is subject to the personal jurisdiction of this Court as Defendant is a resident of this state.

11. Venue is proper in this Court pursuant to at least 28 U.S.C. § 1391(a) because Defendant resides in this district.

## II. THE PARTIES

12. Plaintiff FutureDiamond is an e-commerce company that maintains a business address of 409, 4th Floor, No.1269 Huazhi Road, Huaxin Town, Qingpu District, Shanghai China.

13. Plaintiff LovIntry is an e-commerce company that maintains a business address of Floor 1-2, Building 4, No. 1628, Lizheng Road, Lingang New Area, Shanghai, China.

14. Plaintiffs maintain Amazon seller accounts through which they sell a variety of products to U.S. based consumers.

15. Plaintiffs have maintained these seller accounts for an extended period of time and these seller accounts have enabled Plaintiffs to develop substantial goodwill with their customers and consistently have their products ranked highly on Amazon.

16. Defendant, Debra Lufranco, ("Lufranco" or "Defendant"), is an individual.

17. Lufranco is the named inventor of the '789 patent.

18. Lufranco is the owner of the '789 patent.

19. The '789 patent matured from US Patent Application No. 17/420,351.

### III.   FACTS PERTAINING TO ALL CLAIMS

20. Plaintiffs sell a dog feeding tray ("Flat Tray") having the following appearance:





#2010957v1

21. Plaintiffs also sell an alternative feeding tray ("M Tray") having the following appearance:



22. Lufranco first interfered with Plaintiffs through lodging an Amazon complaint accusing the M Tray of infringing the '789 patent in March of 2025.

23. Lufranco accused ASINs B0CSSHMCJ2, B0CSSSM2DW, B0D5119ZXZ of infringing the '789 patent.

24. Lufranco's claims were baseless.

25. A representative of Plaintiffs reached out to Lufranco on March 27, 2025 and explained how the M Tray could not possibly meet the limitations of the claims of the '789 patent.

26. Lufranco persisted with her Amazon complaint.

27. Amazon rejected Lufranco's complaint after determining that the M Tray did not infringe.

28. Undaunted, on April 3, 2025 Lufranco threatened Plaintiffs' representative stating "We will be moving forward with taking the necessary legal action against your client."

29. Lufranco did not raise any issue with the Court, however.

#2010957v1

30. Rather than seek a judicial determination of her rights, Lufranco opted to continue her intentional, willful, and malicious interference with Plaintiffs in the marketplace.

31. Lufranco continued to harass Plaintiffs and lodge baseless complaints with Amazon and other third-party platforms such as Walmart.com.

32. For example, Lufranco filed Amazon Complaint ID 18219519711 asserting that the Flat Tray infringed her '789 patent.

33. Lufranco's frivolous complaint caused Amazon to remove the Flat Tray, specifically ASIN B0FFSKXXFY, from Amazon.com.

34. Once again, a representative of Plaintiffs reached out to Lufranco and explained that there was no possibility of infringement of any claim of the '789 patent by the Flat Tray.

35. Once again, Lufranco ignored the reality that the limited nature of the '789 patent claims could not possibly cover the Flat Tray.

36. The '789 patent includes two independent claims, claims 1 and 18.

37. Among other limitations, claim 1 requires "a body having an upper face, a lower face, a top side, a bottom side, a left side, and a right side."

38. Claim 1 also requires "at least one of the upper face and the lower face having: a pad surface for adhering an abrasive material; **and one or more substantially circular scent cavities** configured to receive a scent material."

39. That limitation was added during prosecution in and attempt to overcome the prior art:

#2010957v1

> 1. **(Currently Amended)** A pet toy comprising:
> a body having an upper face, a lower face, a top side, a bottom side, a left side, and a right side;
> at least one of the upper face and the lower face having<u>:</u>
> a pad surface for adhering an abrasive material;<u> and</u>
> <u>one or more substantially circular scent cavities configured to receive a scent material;</u>
> the body having an internal central cavity; and
> at least one aperture formed in the body for accessing the internal central cavity;
> at least one handle<u>, made of an elastic material,</u> extending from the group consisting of the top side, the bottom side, the left side, and the right side of the body for grasping the pet toy<u>, wherein the handle includes a plurality of grooves sized and positioned to be contacted by pet teeth and configured to clean the pet teeth</u>.

40. Among other limitations, claim 18 requires "a body having an upper face, a lower face, a top side, a bottom side, a left side, and a right side."

41. Claim 18 also requires "at least one of the upper face and the lower face including: a pad surface for adhering an abrasive material; and **a guard projection extending in a perpendicular direction with respect to the pad surface** and configured to prevent the abrasive material from contacting a flat surface upon which the pet toy is placed."

42. That was added during prosecution as part of a new claim in response to the Examiner rejecting all of the claims in view of the prior art:

#2010957v1

> 21. (New) <u>A pet toy comprising:</u>
> <u>a body having an upper face, a lower face, a top side, a bottom side, a left side, and a right side;</u>
> <u>at least one of the upper face and the lower face including:</u>
> <u>a pad surface for adhering an abrasive material; and</u>
> <u>a guard projection extending in a perpendicular direction with respect to the pad surface and configured to prevent the abrasive material from contacting a flat surface upon which the pet toy is placed;</u>
> <u>the body having an internal central cavity; and</u>
> <u>at least one aperture formed in the body for accessing the internal central cavity;</u>
> <u>at least one handle extending from the group consisting of the top side, the bottom side, the left side, and the right side of the body for grasping the pet toy.</u>

43. During the prosecution, the USPTO Examiner rejected the original claims in view of Lamstein and other prior art.

44. Exhibit 3 is a copy of Lamstein.

45. In seeking patent protection, Lufranco distinguished the prior art from the applied for claims, specifically focusing on the "guard projection" that prevents the abrasive material from contacting a surface upon which the pet toy is placed, stating that the prior art Lamstein is flat so the edges would not prevent the abrasive surface from contacting the surface upon which the toy is placed.

46. Despite the obvious claim limitations added during prosecution, Lufranco willfully ignored such limitations in making her frivolous accusations of infringement against the M Tray and Flat Tray.

47. These accusations resulted in the M Tray and Flat Tray products being removed from third party e-commerce platforms like Amazon and Walmart.

48. The removal of the M Tray and Flat Tray products has caused considerable damage in the form of at least lost sales to Plaintiffs, damage to the viability and ranking of the ASIN links

associated with the sales of those products, and damage to Plaintiffs' reputation and goodwill with their customers.

# COUNT I
## DECLARATORY JUDGMENT OF NONINFRINGEMENT
### U.S. Patent No. 11,930,789

49. Plaintiffs incorporate all of the foregoing paragraphs herein.

50. The Flat Tray does not include at least one of the upper face and the lower face having: a pad surface for adhering an abrasive material; **and one or more substantially circular scent cavities** configured to receive a scent material.

51. The M Tray does not include at least one of the upper face and the lower face having: a pad surface for adhering an abrasive material; **and one or more substantially circular scent cavities** configured to receive a scent material.

52. The Flat Tray cavity is rectangular:



#2010957v1



53. The M Tray cavity is rectangular:



54. The Flat Tray does not include "at least one of the upper face and the lower face including: a pad surface for adhering an abrasive material; and **a guard projection extending in a perpendicular direction with respect to the pad surface** and configured to prevent the abrasive material from contacting a flat surface upon which the pet toy is placed."

55. The M Tray does not include "at least one of the upper face and the lower face including: a pad surface for adhering an abrasive material; and **a guard projection extending in a perpendicular direction with respect to the pad surface** and configured to prevent the abrasive material from contacting a flat surface upon which the pet toy is placed."

#2010957v1

56. The Flat Tray is flat and has no perpendicular projections from the pad surface:





57. There is nothing preventing the abrasive pad from contacting a surface upon which the Flat Tray is placed.

58. The M Tray has no perpendicular projections from the pad surface:

#2010957v1



59. There is nothing preventing the abrasive pad from contacting a surface upon which the M Tray is placed

60. Plaintiffs are entitled to a declaratory judgement that the Flat Tray and the M Tray do not infringe any claim of the '789 patent.

## COUNT II
## DECLARATORY JUDGMENT OF INVALIDITY
## U.S. Patent No. 11,930,789

61. Plaintiffs incorporate all of the foregoing paragraphs herein.

62. Lufranco's interpretation of the scope of the claims of the '789 patent, if accepted, confirm that the patent is invalid in view of the prior art.

63. Lufranco's equating the rectangular compartment and lack of perpendicular structures as meeting the limitations of the claims necessarily encompasses the prior art.

64. Indeed, Lamstein, US Publication 1008/0149041 and Riding US 8997695 disclose such structures when interpreted in such a gross, broad manner as asserted by Lufranco.

65. Plaintiff is entitled to a declaratory judgement that the claims of the '789 patent are invalid.

#2010957v1

## COUNT III
## TORTIOUS INTERFERNCE

66. Plaintiffs incorporate all of the foregoing paragraphs herein.

67. The clear and obvious lack of infringement of the Flat Tray and M Tray support the determination that Lufranco had no reasonable basis to assert infringement of the '789 patent against either the Flat Tray or the M Tray in its complaints to Amazon and others.

68. The clear and obvious lack of infringement of the Products at issue support the determination that Lufranco's assertion of infringement of the '789 patent by each Product at issue in its complaints to Amazon and others were done with malice and an intent to harm Plaintiffs' businesses.

69. The clear and obvious lack of infringement of the Products at issue support the determination that Lufranco's assertion of infringement of the '789 patent by each Product at issue in its complaints to Amazon and others were an impermissible broadening of the scope of the '789 patent that had an anticompetitive effect.

70. None of the Products at issue include each and every limitation of any claim of the '789 patent literally or under the doctrine of equivalents.

71. Prior to Lufranco's interference, Plaintiffs had the reasonable expectation that they would continue to sell the Flat Tray and M Tray products on Amazon and other third party ecommerce websites and thereby gain the distinct economic advantage of achieving sales of their products.

72. Lufranco intentionally interfered with this expectation, by asserting frivolous and uniformed claims of patent infringement to the third-party ecommerce sites.

73. Lufranco's interference was malicious and done intentionally and without justification or excuse.

#2010957v1

74. Lufranco's interference caused the loss of the prospective gain by preventing Plaintiffs from advertising their products and consummating sales of their product on those ecommerce sites.

75. Plaintiffs had sold the products on those ecommerce sites prior to Lufranco's interference and therefore there was a reasonable probability that the Plaintiffs would have obtained the anticipated economic benefit of continued sales but for Lufranco's interference.

76. As a direct and proximate result of Lufranco's interference, Plaintiffs suffered damages at least in the form of lost sales, damage to their goodwill and reputation, and damage to the ranking power of the product links.

77. As a result of Lufranco's intentional and malicious conduct, Plaintiffs have been damages and are entitled to at least monetary damages, equitable relief, and punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Lufranco as follows:

1) That Judgment be entered against Lufranco finding that every claim of U.S. Patent No. 11,930,789 is not infringed by the Flat Tray.

2) That Judgment be entered against Lufranco finding that every claim of U.S. Patent No. 11,930,789 is not infringed by the M Tray.

3) That Judgment be entered against Lufranco finding that every claim of U.S. Patent No. 11,930,789 is invalid.

4) A finding that Lufranco has engaged in tortious interference.

5) A finding that Lufranco has willfully and maliciously engaged in tortious interference.

6) A finding that this case is exceptional under 35 U.S.C. § 285.

7) Awarding Plaintiffs their cost and reasonable attorneys' fees.

#2010957v1

8) Awarding Plaintiffs pre and post judgement interest on all monetary awards.

9) Awarding Plaintiffs compensatory damages.

10) Awarding Plaintiffs punitive damages.

11) Enter an order enjoining Lufranco or any other party working in conjunction with Lufranco or that has knowledge of the injunction from asserting infringement of U.S. Patent No. 11,930,789 against the Flat Tray or M Tray or otherwise using U.S. Patent No. 11,930,789 to interfere with Plaintiffs sale of the Flat Tray or M Tray products.

12) Awarding Plaintiffs any and all other relief that this Court deems just and proper.

Dated: September 17, 2025

/s *Dennis J. Drasco*  
Dennis J. Drasco  
LUM, DRASCO & POSITAN LLC  
103 Eisenhower Parkway, Suite 401  
Roseland, New Jersey 07068-1049  
973.403.9000  
ddrasco@lumlaw.com  

/s *Matthew De Preter*  
Matthew De Preter (*pro hac vice pending*)  
ARONBERG GOLDGEHN  
225 West Washington, Suite 2800  
Chicago, Illinois 60606  
312.828.9600  
cdepreter@agdglaw.com  

**Co-Counsel for Plaintiffs**

## LOCAL CIVIL RULE 11.2 CERTIFICATION

The undersigned hereby certifies that the matter in controversy in this matter is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

/s *Dennis J. Drasco*  
Dennis J. Drasco

Dated: September 17, 2025