**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Shanghai Qianzhuo Network Technology Co., Ltd. a.k.a. FutureDiamond and Shanghai Lanpin Haizhuo Technology Co., Ltd. a.k.a. LovIntry, | Case No. 25-cv-15740-CCC |
| Plaintiff, | Judge Claire C. Cecchi |
| v. | |
| Debra Lo Franco, | |
| Defendant. | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE DEFENDANT DEBRA LO FRANCO'S AFFIRMATIVE DEFENSES AND TO DISMISS DEFENDANT'S COUNTERCLAIMS PURSUANT TO RULE 12(b)(6) AND RULE 12(f)**

| | |
|---|---|
| Matthew De Preter, Esq. | Dennis J. Drasco, Esq. |
| ARONBERG, GOLDGEHN, DAVIS & GARMISA | LUM, DRASCO & POSITAN, LLC. |
| 225 W. Washington St. Ste. 2800 | 103 Eisenhower Parkway, Ste. 401 |
| Chicago, IL 60606 | Roseland, NJ 07068 |
| 312-755-3153 | 973-228-9000 |
| cdepreter@agdglaw.com | ddrasco@lumlaw.com |
| Attorneys for Plaintiffs | Attorneys for the Plaintiffs *pro hac vice* |

## I.      Introduction

Defendant's purported affirmative defenses and counterclaims fail to satisfy the pleading standards required in federal court.  Defendant's "affirmative defenses" do not set forth any cognizable basis for excusing her behavior or defeating Plaintiffs' well-pleaded claims. Defendant's alleged counterclaims fail to set forth sufficient factual bases that—if true—could support any determination of liability by Plaintiffs.  Accordingly, this Court should strike Defendant's affirmative defenses and dismiss Defendant's counterclaims against the Plaintiffs.

## II.      Standard Under Rule 12

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When reviewing a Rule 12(b)(6) motion, the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (citations omitted). Plaintiff's factual allegations must "raise a right to relief above the speculative level" and state a "plausible claim for relief" to survive. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court need not accept as true any unsupported conclusions, unsupported inferences, "threadbare recitals of elements of a cause of action" or inferences drawn by plaintiff if they are unsupported by the facts of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *California Pub. Employee Ret. Sys. v. The Chubb Corp.,* 394 F.3d 126, 143 (3d Cir. 2004) (citations omitted). Nor must the court accept legal conclusions disguised as factual allegations. *Bell Atlantic,* 550 U.S. at 555 (citations omitted).

In addition to the complaint, courts may consider matters of public record, matters subject to judicial notice,[1] court orders, and exhibits attached to the complaint. *Oshiver v. Levin, Fishbein, Sedran & Berman,* 38 F.3d 1380, 1385 n. 2 (3d Cir. 1994).  The question to be resolved is: whether, taking the factual allegations of the complaint, which are not contradicted by exhibits and matters of which judicial notice may be had, and taking all reasonable inferences to be drawn from proper factual allegations of the complaint, are the "factual allegations ... enough to raise a right to relief above the speculative level, ... on the assumption that all the allegations in the complaint are true even if doubtful in fact[.]" *Bell Atlantic,* 550 U.S. at 555. Put another way, a complaint may be dismissed under Rule 12(b)(6) if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

Specifically with respect to patent infringement, the court is permitted to dismiss baseless patent infringement claims at the motion to dismiss stage.  *MSA Prods., Inc. v. Nifty Home Prods., Inc.*, 883 F. Supp. 2d 535, 540 (D.N.J. 2012).  As the New Jersey court has recognized, many courts have dismissed patent infringement claims pursuant to a motion under Rule 12(b)(6) where, as a matter of law, the court determined "that no reasonable fact-finder could find infringement." *MSA Prods., Inc. v. Nifty Home Prods., Inc.*, 883 F. Supp. 2d 535, 540 (D.N.J. 2012) citing cases.

"To state a claim for direct infringement of a patent under 35 U.S.C. § 271, a complaint must: [(1)] name the accused product; (2) in each count, describe the alleged infringement; and (3) identify how the accused product infringed on every element of at least one claim in each of the

---

[1] The Federal Circuit has held that the court may take judicial notice of published patents, even those not formally before the court, under Fed.R.Evid. 201(b) & (c). See *Pepitone v. Am. Standard, Inc.*, 983 F.2d 1087, n. 1 (Fed. Cir. 1992).  Additionally, the court may take judicial notice of things of common knowledge and used throughout the country. *Brown v. Piper*, 91 U.S. 37, 43 (1875).

plaintiff's patents." *Miller Indus. Towing Equip. Inc. v. NRC Indus.*, 582 F. Supp. 3d 199, 203 (D.N.J. 2022) (citing *NovaPlast Corp. v. Inplant, LLC*, No. 20-7396, 2021 WL 389386, at *7 (D.N.J. Feb. 3, 2021)). "The complaint must allege that the accused product infringes on 'each and every element of at least one claim' of the plaintiff's patents 'either liberally or equivalently.'" *Batinkoff v. Church & Dwight Co.*, No. 18-16388, 2020 WL 1527957, at *15 (D.N.J. Mar. 31, 2020) (quoting *Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018)).  Dismissal is appropriate were the patent owner "neither describes the alleged infringement nor identifies *how* the [accused product] infringes on every element of at least one claim in the Utility Patent."  *Skull Shaver LLC v. Manscaped*, No. CV 24-10110 (SDW) (SDA), 2025 WL 1820174, at *2 (D.N.J. July 1, 2025).

Additionally, Federal Rule of Civil Procedure 12(f) provides that a court "may strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Any affirmative pleading under Rule 12(f) may be struck when it is legally insufficient as a matter of law under any set of facts that may be inferred from the pleadings.  *Eagle View Techs., Inc. v. Xactware Sols., Inc.*, 325 F.R.D. 90, 95 (D.N.J. 2018). "An affirmative defense is legally insufficient if it is not recognized as a defense to the cause of action." *Id*. internal citations omitted. "A court is not required to accept affirmative defenses that are mere 'bare bones conclusory allegations,' and may strike such inadequately pleaded defenses." *Sun Microsys., Inc. v. Versata Enters., Inc.,* 630 F.Supp.2d 395, 408 (D.Del.2009).  "The district court's decision whether to grant a motion to strike under Rule 12(f) is discretionary". *Id.*

### III.    This Court Should Strike Defendant's Alleged Affirmative Defenses and Other Spurious Assertions

Plaintiffs' complaint sets forth three claims: declaratory judgment of noninfringement; declaratory judgment of invalidity; and tortious interference. Dkt. 26.  In response, Defendant

4

provides a "preliminary statement." The preliminary statement is not tied to any particular allegation of the complaint. It is not responsive to any portion of Plaintiffs' complaint and is wholly irrelevant. It should be stricken in its entirety. So too, Defendant's answer includes a section in which Defendant "prays for judgement." This section is improper and immaterial. There is no legally cognizable basis for an Answer to include any "prayer for judgement" and Defendant sets forth no facts in her answer that could support any purported payer. Such pleadings are inappropriate, will lead to confusion, and should be stricken.

Later, Defendant purports to set forth "affirmative defenses." However, this litany of single statements appears to be little more than an AI generated list of possible responses to a litigation. None of the "defenses" provide any legally cognizable basis for insulating Defendant from Plaintiffs' claims, all of which must be assumed to have been established for the purposes of considering whether an affirmative defense would be viable.

Indeed, "[a]n affirmative defense is an assertion raising new facts and arguments that, if proven, defeat the plaintiff's claim even if the allegations in her complaint are true." *Sterten v. Option One Mortg. Corp.*, 479 F. Supp. 2d 479, 482 (E.D. Pa. 2007), *aff'd sub nom. In re Sterten,* 546 F.3d 278 (3d Cir. 2008). An assertion that "merely negates an element of the plaintiff's prima facie case is not an affirmative defense." *Id*.

5

### 1.      Failure to state a claim

Failure to state a claim is not an affirmative defense.  Defendant fails to identify any basis for her assertion.  Had Defendant had any cognizable reason for asserting that Plaintiffs failed to state a claim, it was her burden to file a motion.  Instead, she answered the complaint and waived any claim under Rule 12.

### 2.      Good faith enforcement

Defendant's allegation that she engaged in good faith is not an affirmative defense.  It is merely a denial of the elements of Defendant's claim.  Plaintiffs assert that the clear and obvious lack of infringement of the Products at issue support the determination that Lo Franco's assertion of infringement of the '789 patent by each Product at issue in its complaints to Amazon and others were an impermissible broadening of the scope of the '789 patent that had an anticompetitive effect, that prior to Lo Franco's interference, Plaintiffs had the reasonable expectation that they would continue to sell the Flat Tray and M Tray products on Amazon and other third party ecommerce websites and thereby gain the distinct economic advantage of achieving sales of their products, and that Lo Franco intentionally interfered with this expectation, by asserting frivolous and uniformed claims of patent infringement to the third-party ecommerce sites, all done with malice, intentionally, and without justification or excuse.  When Plaintiffs prove these elements of its claim, Defendant will be held liable.  Her empty assertion of good faith is no defense.

### 3.      Amazon's decisions

Amazon's decisions are irrelevant.  Plaintiffs set forth the facts whereby Defendant took intentional and malicious actions to make frivolous claims of patent infringement to Amazon with the intent that Amazon would remove Plaintiffs' products.  Amazon did.  That is all directly attributable to Defendant, and Defendant cannot hide behind Amazon for its acting on her complaints.

6

### 4.    Statutory privilege/immunity

Defendant fails to identify any privilege or immunity that would shield her actions or save her from a determination that the patents are not infringed or invalid.  This is the type of "bare bones conclusory allegation[]" that courts strike. See *Sun Microsys.,* 630 F.Supp.2d at 408.

### 5.    Lack of bad faith

The assertion of "lack of bad faith" is just as deficient as Defendant's assertion of "good faith."  It is merely a denial, not an affirmative defense.

### 6.    Failure to mitigate damages

Plaintiffs' complaint meticulously sets forth the facts detailing how Defendant intentionally filed frivolous complaints with Amazon and other platforms to wrongly and maliciously convince such platforms to refuse to allow the sale of Plaintiffs' products.  Defendant's "failure to mitigate" defense fails to set forth any "new facts and arguments that, if proven, defeat the plaintiff's claim even if the allegations in [Plaintiffs'] complaint are true." *Sterten*, 479 F. Supp. 2d at 482.  Accordingly, this is not an appropriate affirmative defense, and it should be stricken.

### 7.    Unclean hands

Defendant's unclean hands defense is not a defense at all.  In fact, it ignores the fundamental principle of an affirmative defense which is presuming that Plaintiffs have proven their claim.  Asserting that Plaintiffs willfully infringed fails to account for the fact that, to be an affirmative defense, Plaintiffs will have already established that they do not infringe, the patent is invalid, or defendant tortiously interfered with Plaintiffs' business.

### 8.    Patent Validity

Once again, an assertion that a patent is valid is just a denial of Plaintiffs' claim.  It is not an affirmative defense.

9. **License, exhaustion, waiver, laches, acquiescence, or equitable estoppel.**

This litany of legal buzzwords serves no purpose. What license would save Defendant? What right was exhausted? What circumstances support what waiver, latches, acquiescence, or estoppel? Nothing in this "defense" sets forth any "new facts and arguments that, if proven, defeat the plaintiff's claim even if the allegations in [Plaintiffs'] complaint are true." *Sterten*, 479 F. Supp. 2d at 482. This too is nothing but "bare bones conclusory allegations" that are appropriately stricken. See *Sun Microsys.,* 630 F.Supp.2d at 408.

10. **No Proximate cause**

Like so many of Defendant's "defenses" this is nothing more than a denial. It does not set forth any new facts or law that could excuse Defendant from liability. It should be stricken.

11. **Constitutional right to petition and the Noerr–Pennington doctrine**

The constitutional right to petition applies to seeking redress from the government. It does not protect interactions among private institutions such as Defendant and Amazon. There is no constitutional right to complain to Amazon about anything. Moreover, the Noerr-Pennington doctrine does not protect against malicious acts such as those engaged in by Defendant. "Under the *Noerr–Pennington* doctrine, a patent owner's initiation of patent infringement litigation receives presumptive immunity from attack under the antitrust laws." *Otsuka Pharm. Co. v. Torrent Pharms. Ltd., Inc.*, 118 F. Supp. 3d 646, 655–56 (D.N.J. 2015). None of Plaintiffs' claims assert an antitrust violation, nor is any claim based on Defendant bringing litigation. Defendant's "defense" is irrelevant and inadequately pleaded.

### 12.    Bond

This "defense" is completely irrelevant.  It does not articulate any reason that, if proven, would absolve Defendant of liability from any of Plaintiffs' claims. It is legally defective, and, in fact, has no basis in any law. It should be stricken.

### 13.    Failure to join necessary parties

As with so many other "defenses" this defense has no supporting facts, no supporting law, and fails to articulate any basis for sparing Defendant from her illegal acts.  Defendant fails to identify any party that must be joined or why their participation in this suit would be necessary.  It should be stricken.

### 14.    Reservation of rights

This is not an affirmative defense.  "Failure to raise an affirmative defense by responsive pleading or by appropriate motion generally results in the waiver of that defense." *Charpentier v. Godsil*, 937 F.2d 859, 863 (3d Cir. 1991).  The "purpose of requiring the defendant to plead available affirmative defenses in his answer is to avoid surprise and undue prejudice by providing the plaintiff with notice and the opportunity to demonstrate why the affirmative defense should not succeed." *Robinson v. Johnson*, 313 F.3d 128, 134–35 (3d Cir. 2002). A "general reservation to assert additional defenses in the future is not an affirmative defense and contravenes the Federal Rules of Civil Procedure." *U.S. Bank Nat'l Ass'n v. Gerber*, 380 F. Supp. 3d 429, 440 (M.D. Pa. 2018).  Accordingly, Defendant's attempt to "reserve" some unknown and unarticulated affirmative defense is entirely inappropriate.  This "defense" provides no notice of any possible "affirmative defense" that Defendant might attempt to interject into this case.  There is no "right" to bring unpleaded affirmative defenses later in a case, and thus there is no "right" to "reserve." This purported defense is improper and should be stricken.

9

**IV.    Defendant's Counterclaims Should Be Dismissed**

Defendant's supposed counterclaims fail to set forth sufficient facts that, if true, could support a finding of liability.  It is well established that to state a claim for infringement of a patent, the Complaint must identify how the accused product infringed on every element of at least one claim in each of the Plaintiff's patents. See *Miller Indus.* 582 F. Supp. 3d at 203.  Dismissal of a claim is appropriate where the patent owner "neither describes the alleged infringement nor identifies how the accused product infringes *on every element of at least one claim in the Utility Patent*". See *Skull Shaver LLC.* supra. Absent from Defendant's counterclaims against the Plaintiff is a description of Plaintiff's alleged infringement, nor does Defendant identify how the Plaintiff infringed on every element of at least one claim of her Patent.  Instead, Defendant makes wholly conclusory assertions as opposed to alleged purported facts that "the accused products meets every limitation of at least Claim 18."  That is not sufficient to state a claim. Accordingly, Defendant's counterclaims against the Plaintiff should be dismissed.

Here, it is indisputable that claim 18 requires "at least one of the upper face and the lower face including: a pad surface for adhering an abrasive material; and **a guard projection extending in a perpendicular direction with respect to the pad surface *and configured* to prevent the abrasive material from contacting a flat surface** upon which the pet toy is placed."  It is also undisputed that Plaintiffs' products are either an M-shaped profile or completely flat:

10





It is therefore not surprising that Defendant's counterclaim completely fails to identify any "perpendicular projection" from the scratch pad that could in any way meet that limitation of Claim 18.[2]

Defendant asserts that it provided an "Evidence of Use Claim Chart." However, Defendant fails to provide such a claim chart and instead, Exhibit C is blank. See Dkt. 29, PageID618-619. Furthermore, even if the chart had been included, on its face it only pertains to ASIN B0CSSHMCJ2, which is an M-Tray. Defendant completely fails to address the Flat Tray product.

---

[2] It should not be forgotten by this Court that Defendant added the "perpendicular projection" limitation during the prosecution in response to an office action. See Dkt. 26, ¶41-42. Under the doctrine of prosecution history estoppel, a patent owner is precluded from asserting that a claim is met by subject matter that contradicts statements made during the prosecution of the patent. *AquaTex Indus., Inc. v. Techniche Sols.*, 419 F.3d 1374, 1382 (Fed. Cir. 2005) (stating that "prosecution history estoppel can prevent a patentee from relying on the doctrine of equivalents when the patentee relinquishes subject matter during the prosecution of the patent, either by amendment or argument."); *See also Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 535 U.S. 722, 736 (2002). "[P]rosecution history estoppel can occur…either (1) by making a narrowing amendment to the claim ('amendment-based estoppel') or (2) by surrendering claim scope through argument to the patent examiner ('argument-based estoppel')." *Conoco, Inc. v. Energy & Envtl. Int'l, L.C.*, 460 F.3d 1349, 1363 (Fed.Cir. 2006) (citing *Deering Precision Instruments, LLC v. Vector Distrib. Sys., Inc.*, 347 F.3d 1314, 1324 (Fed.Cir. 2003)).

Accordingly, Defendant fails to adequately set forth a claim of patent infringement with respect to either the M-Tray or the Flat Tray, and Claim 1 must be dismissed.

Defendant's Claim 2 "willful infringement" is not a cognizable separate legal claim. Rather, it is an element of infringement. See *Valmont Indus., Inc. v. Better Metal, LLC,* 736 F. Supp. 3d 573, 579 (M.D. Tenn. 2024) citing *Halo Elecs. Inc. v. Pulse Electronics, Inc.*, 579 U.S. 93, 110 (2016) ("There is no separate cause of action for willful infringement"). It should be dismissed.

Defendant's Claim 3 for "declaratory judgment of validity and infringement" has no basis in law. "Courts should not declare patents valid. There is never a need or occasion for such a declaration." *Fromson v. Advance Offset Plate, Inc.*, 755 F.2d 1549, 1555 (Fed. Cir. 1985). See also, *Panduit Corp. v. Dennison Mfg. Co.*, 810 F.2d 1561, 1569 (Fed. Cir. 1987) ("It is neither necessary nor appropriate for a court to declare a patent valid."). The request for "declaratory judgment" of infringement is not a recognized legal claim. It appears to be an attempt by Defendant to simply restate a claim of infringement. It fails for the same reasons as Defendant's Claim 1 fails and for the additional reasons that it is redundant and not supported by statute.

Defendant's Claims of tortious interference with prospective economic advantage, unfair competition, and unjust enrichment all fail to set forth sufficient factual bases to state a cognizable claim for relief. First, Defendant's assertions are based on the entirely faulty premise that Plaintiffs' products are not patented. As discussed above, The Federal Circuit has held that the court may take judicial notice of published patents, even those not formally before the court, under Fed.R.Evid. 201(b) & (c). See *Pepitone*, 983 F.2d at n. 1 (Fed. Cir. 1992). Accordingly, this Court should take judicial notice of Plaintiffs' four patents D1093763, D1093765, D1075183, and D1084550. Ex. A-D. These patents cover Plaintiffs' M-Tray design. See, for



example, D1093763.



Conclusory statements of law and fact, "are not entitled to the assumption of truth" and "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. " '[N]aked assertion[s]' devoid of 'further factual enhancement' " are insufficient to state a claim. *Id.* at 678, quoting *Twombly*, 550 U.S. at 557. Defendant's assertions are nothing but conclusory, fictitious and frivolous assertions that are entitled to no consideration.

Furthermore, even Defendant's conclusory allegations fail to set forth a basis for relief. "To establish a cause of action for tortious interference with a prospective economic advantage, a plaintiff must prove that he had a reasonable expectation of advantage from a prospective contractual or economic relationship." *Patel v. Soriano*, 369 N.J. Super. 192, 242, 848 A.2d 803, 831 (App. Div. 2004). There is nothing in Defendant's complaint that would show any such reasonable expectation with any contractual or economic relationship. Defendant's vague

13

assertions respecting "major retailers" are wholly conclusory. They also make no legal sense. Defendant asserts that her problems derive from "confusion and improper patent invalidity accusations." However, there is no law that could ever prevent anyone from asserting that a patent is invalid. Moreover, patents do not grant anyone the right to sell their product. Indeed, "[t]he federal patent laws do not create any affirmative right to make, use, or sell anything." *Leatherman Tool Grp. Inc. v. Cooper Indus., Inc.*, 131 F.3d 1011, 1015 (Fed. Cir. 1997) "As the Supreme Court has stated, '[t]he franchise which the patent grants, consists altogether in the right to exclude every one from making, using, or vending the thing patented, without the permission of the patentee. This is all that he obtains by the patent.' " *Id*. quoting *Bloomer v. McQuewan,* 55 U.S. 539, 548 (1852). There is nothing "tortious" about any of the accusations made by Defendant.

Defendant's legally wrong assertions continue in its "unfair competition" claim. For example, it asserts that the '789 patent has "has established enforceable commercial goodwill in the patented product's overall structure, appearance, and function." That is not supported by law. Patents do not protect good will. Utility patents like the '789 patent do not protect a product's "overall structure, appearance, and function." Utility patents only cover the structures that meet all of the elements of a claim; additional structures and functions not recited in the claim are entirely irrelevant. *Free Motion Fitness, Inc. v. Cybex Int'l, Inc.*, 423 F.3d 1343, 1347 (Fed. Cir. 2005) (Explaining that "comprising" is open ended such that additional structures not recited in the claims will not prevent a structure from meeting the recited elements of a claim). Appearance has no role. That is the subject of design patents (such as the four design patents held by Plaintiffs that cover Plaintiffs M-Tray). See 35 U.S.C. § 171.

14

Defendant's assertions of "proprietary designs" of source confusion are entirely conclusory and have no basis in law or fact.  As noted, design patents cover designs, and Defendant has no design patents.  Appearance is irrelevant.  Defendant has totally failed to plead any facts that could support the existence of any purported "brand" either.

Defendant's assertion that it "is the only party with an actual patent" is not only conclusory, obviously false and frivolous.  This Court may take judicial notice of Plaintiffs' patents. The balance of Defendant's accusations about what others might believe are nothing but conclusory, speculative opinions that are entirely insufficient to set forth a legal claim of unfair competition.

Defendant's "unjust enrichment" claim is nothing but a repackaging of its failed infringement claim.  The patent laws preempt such common law causes of action. See *Ultra-Precision Mfg., Ltd. v. Ford Motor Co.*, 411 F.3d 1369, 1377–78 (Fed. Cir. 2005) ("Federal law preempts state law that offers 'patent-like protection' to discoveries unprotected under federal patent law.")  "Federal patent law reflects the objectives of Congress, which include seeking to foster and reward invention, promoting disclosure of inventions…, promoting the stringent requirements for patent protection…, providing a clear federal demarcation between public and private property, and promoting nationwide uniformity in patent law. *Id*. *cleaned up*.  "A state cause of action that frustrates these objectives is preempted." *Id*.  As Defendant's unjust enrichment claim is based on nothing more than an allegation that Plaintiffs infringe Defendant's patent (and even setting aside the conclusory nature of that assertion), it is preempted and must be dismissed.

## V.   Conclusion

Defendant's purported affirmative defenses and counterclaims fail to set forth recognized, legally supported bases for Defendant to avoid liability for its actions or to hold Plaintiffs liable

15

for any perceived wrongdoing.  In sum, they are nothing more than conclusory utterances that fail to meet the legal standards required by this Court and must be dismissed.

Respectfully submitted,

/s/ *Dennis J. Drasco*
Dennis J. Drasco, Esq.
LUM, DRASCO & POSITAN, LLC.
103 Eisenhower Parkway, Ste. 401
Roseland, New Jersey 07068
973-228-9000

*/s/Matthew De Preter*
Matthew De Preter, Esq.
ARONBERG, GOLDGEHN, DAVIS &
GARMISA
225 W. Washington St. Ste. 2800
Chicago, IL 60606
312-755-3153
cdepreter@agdglaw.com

*Co-Counsel for Plaintiff*

Dated: January 7, 2026

16