**IN THE UNITED STATES DISTRICT COURT**
**FOR NEW JERSEY**

| | |
|---|---|
| SHANGHAI QIANZHUO NETWORK TECHNOLOGY CO., LTD. A.K.A FUTUREDIAMOND AND SHANGHAI LANPIN HAIZHUO TECHNOLOGY CO., LTD. A.K.A. LOVINTRY,<br><br>Plaintiffs,<br><br>v.<br><br>DEBRA LOFRANCO,<br><br>Defendant. | Case No. 25-cv-15740-CCC |

**CERTIFICATION OF MATTHEW DE PRETER, ESQ.**

I am an attorney at law in the State of Illinois and a Member of Aronberg Goldgehn Law Firm and I represent the Plaintiffs in this matter. I submit this Certification to present the Court the facts and circumstances supporting Plaintiffs' request for Court's entry of a Scheduling Order in accordance with F.R.C.P. 26(f) and the N.J.D.C. local Rules.

**COMMUNICATIONS BETWEEN THE PARTIES**

**MARCH 5, 2026 – APRIL 2, 2026**

1. Plaintiffs worked diligently to prepare a draft Rule 26(f) report and establish a meet and confer with Defendant LoFranco. The original time and date of a phone call to address the Report was agreed to by the parties after exchanging scheduling emails. Specifically, Plaintiffs

1

emailed Ms. LoFranco on March 5, 2026 and provided a copy of a draft of the Rule 26(f) report. *See* **Exhibit 1**. Ms. LoFranco responded on March 10, proposing March 19th or 20th for the conference. *See* **Exhibit 2**. The parties exchanged further emails the same day, and at Ms. LoFranco's request, agreed to proceed on March 19th at 2:30pm Eastern. *See* **Exhibit 2**. Counsel for Plaintiffs provided Ms. LoFranco with a meeting invite for the agreed upon date and time along with conference contact information.

2. At the appointed time, Plaintiffs' lead counsel and local counsel appeared and were prepared to conduct the conference. Ms. LoFranco appeared, and initially began addressing the report. She stated that she was driving, would not stop driving for the conference, and could not review any material on the call. Ms. LoFranco stated that she had a redline of the draft report that she would circulate after the call. The parties agreed to reconvene the next morning at 9:00am Eastern. Following the initial conference, Plaintiffs sent Ms. LoFranco a follow-up email, requested the redline that Ms. LoFranco stated she would provide, and confirmed the conference for the next day. *See* **Exhibit 3**. By 11:30pm on March 19th, Ms. LoFranco still had not provided any redline, and Plaintiffs followed up requesting a copy first thing in the morning. *See* **Exhibit 3**.

3. On the day of the agreed-to follow-up conference, Ms. LoFranco abruptly cancelled the meeting, and she again did not provide the promised redline. *See* **Exhibit 4**. Instead, Ms. LoFranco stated that she was proceeding with legal counsel and that "My counsel **will be** in touch with you next week…." **Exhibit 4**, emphasis added. That did not happen. On March 20, Plaintiffs requested that Ms. LoFranco identify her legal counsel, but she did not do so. *See* **Exhibit 5**. Plaintiffs followed up on Tuesday, March 24, again requesting the identification of LoFranco's legal counsel. *Id*. Ms. LoFranco again refused to provide any name or contact

information for the attorney, but said she would "definitely reach out" and have them contact Plaintiffs' counsel.

4. Neither LoFranco nor anyone representing LoFranco reached out. No attorney filed an appearance on LoFranco's behalf. She had not retained legal counsel in March of 2026. Indeed, she confirmed that she had no counsel on March 28 when she provided a screenshot of a text message from an attorney who confirmed he would not represent her. *See* **Exhibit 6**.

5. On March 30, Plaintiff again reached out to Ms. LoFranco to set up a follow-up Rule 26(f) meeting. *See* **Exhibit 7**. At this point, LoFranco had over six months to retain counsel and still had not done so notwithstanding her misrepresentations to the contrary. Plaintiffs suggested any afternoon between March 31 and April 2. *Id*. In response, LoFranco stated "I remain willing to cooperate in fulfilling procedural obligations. I am available to meet on April 2 in the afternoon to continue discussions regarding the Rule 26 Discovery Schedule." *Id*. Thereafter, Ms. LoFranco provided her revisions to Plaintiff's originally proposed Rule 26(f) report. *Id*. See also, **Exhibit 8**, LoFranco's Proposed Rule 26(f) report.

6. At the appointed time, LoFranco called into the conference and immediately refused to participate. Instead, she asserted that she had counsel and was not allowed to discuss anything regarding the case. Plaintiffs requested the name and contact information for her counsel so that Plaintiffs could continue their obligations to address Discovery with the alleged new counsel. LoFranco refused to provide that information. Instead, LoFranco stated that she would email the undersigned after the call and provide the attorney information at that point.

7. After the call ended, no email was forthcoming. It has been four days since Plaintiff conducted the call and since LoFranco asserted she had legal counsel and would provide contact information to Plaintiffs. LoFranco has not emailed Plaintiffs. She has not provided any attorney

contact information.   No attorney has filed any appearance on her behalf.   She continues to ignore her responsibilities to participate in this litigation.

8.   <u>Plaintiffs have reviewed LoFranco's proposed Rule 26(f) Schedule and agree with the Schedule it sets forth.</u> A copy of that Schedule is attached hereto as **Exhibit 8**.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

/s/<i>Matthew De Preter</i><br>MATTHEW DE PRETER, ESQ.

Dated: April 8, 2026