**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SHANGHAI QIANZHUO NETWORK : | Case No. 2:25-cv-15740CCC-LDW |
| TECHNOLOGY CO., LTD. A/K/A : | Hon. Clair C. Cecchi, USDJ |
| FUTUREDIAMOND AND SHANGHAI : | |
| LANPIN HAIZHUO TECHNOLOGY CO., : | |
| LTD., A/K/A LOVINTRY, : | |
| : | |
| Plaintiffs, Counterclaim Defendants : | |
| : | |
| v. : | |
| : | |
| DEBRA LO FRANCO, : | |
| Defendant, Counterclaim Plaintiff : | |

**FIRST AMENDED ANSWER AND COUNTERCLAIMS**

In response to the First Amended Complaint, Defendant Debra LoFranco responds in correspondingly numbered paragraphs as follows:

## I.      JURISDICTION AND VENUE

1.      The allegations in this paragraph are legal assertions for which no response is required.

2.      Admitted.

3.      Admitted that Exh. 2 purports to be a copy of the file history of the '789 patent. Defendant lacks information sufficient to form a belief regarding the remaining allegations in this paragraph, which are therefore Denied.

4.      Admitted.

5.      Admitted.

6.      Admitted.

7.      Admitted.

8.   Admitted.

9.   Denied.

10.   Admitted.

11.   Admitted.

## II. THE PARTIES[1]

12.   Defendant lacks information sufficient to form a belief regarding the allegations in this paragraph, which are therefore Denied.

13.   Defendant lacks information sufficient to form a belief regarding the allegations in this paragraph, which are therefore Denied.

14.   Defendant lacks information sufficient to form a belief regarding the allegations in this paragraph, which are therefore Denied.

15.   Defendant lacks information sufficient to form a belief regarding the allegations in this paragraph, which are therefore Denied.

16.   Admitted.

17.   Admitted.

18.   Admitted.

19.   Admitted.

## III. FACTS [ALLEGED] PERTAINING TO ALL CLAIMS

20.   Defendant lacks information sufficient to form a belief regarding the allegations in this paragraph, which are therefore Denied.

21.   Admitted.

---

[1]   Defendant has used the headings set forth in the complaint herein for ease of reference only and the inclusion of such headings shall not be construed as an admission.

22.    Admitted that a complaint was lodged with the Amazon APEX program, otherwise Denied.

23.    Admitted. that LoFranco asserted in the Amazon APEX program that ASINs B0CSSHMCJ2, B0CSSSM2DW, B0D5119ZXZ were believed to infringe claim 18 of the '789 patent.

24.    Denied.

25.    Denied.

26.    Admitted that Defendant did not withdraw the Amazon APEX complaint.

27.    Admitted that the evaluator for APEX evaluation number 17429614811 rendered a decision on or around May 8, 2025, indicating that that patent owner is unlikely to prove that ASINs B0CSSHMCJ2, B0CSSSM2DW, B0D5119ZXZ "fall[]" within the scope" of claim 18 of the '789 patent based on his opinion regarding the construction of certain claim language, otherwise Denied.

28.    Denied.

29.    Denied.

30.    Denied.

31.    Denied.

32.    Admitted that Defendant filed Amazon Complaint ID 18219519711 identifying ASIN BOFFSKXXFY as being similar to product previously found to infringe claim 18 of the '789 patent in APEX Evaluation Express No. 15650930591.

33.    Denied.

34.    Denied.

35.    Denied.

36.    Admitted.

37.    Admitted that the quoted language is found in claim 1, otherwise Denied.

38.    Admitted that the quoted language is found in claim 1, otherwise Denied.

39.    Denied.

40.    Admitted that the quoted language is found in claim 18, otherwise Denied.

41.    Admitted that the quoted language is found in claim 18, otherwise Denied.

42.    Denied.

43.    Denied.

44.    Admitted that Exh. 3 purports to be a copy of US 2008-0148041A1, otherwise Denied.

45.    Denied.

46.    Denied.

47.    Denied.

48.    Defendant lacks information sufficient to form a belief regarding the allegations in this paragraph, which are therefore Denied.

## COUNT I
### DECLARATORY JUDGMENT OF NONINFRINGEMENT
### U.S. Patent No. 11, 930,789

49.    Defendant incorporates all of the foregoing paragraphs as if stated herein.

50.    Defendant lacks information sufficient to form a belief regarding the allegations in this paragraph, which are therefore Denied.

51.    Denied.

52.    Denied.

53.    Denied.

54.    Denied.

55.    Denied.

56.    Denied.

57.    Denied.

58.    Denied.

59.    Denied.

60.    Denied.

## COUNT II
## DECLARATORY JUDGMENT OF INVALIDITY
### U.S. Patent No. 11, 930,789

61.    Defendant incorporates all of the foregoing paragraphs as if stated herein.

62.    Denied.

63.    Denied.

64.    Denied.

65.    Denied.

## COUNT III
## TORTIOUS INTERFENCE

66.    Defendant incorporates all of the foregoing paragraphs as if stated herein.

67.    Denied.

68.    Denied.

69.    Denied.

70.    Denied.

71.    Defendant lacks information sufficient to form a belief regarding the

allegations in this paragraph, which are therefore Denied.

72.     Denied.

73.     Denied.

74.     Denied.

75.     Denied.

76.     Denied.

77.     Denied.

## PRAYER FOR RELIEF

To the extent a response is required, Defendant denies that Plaintiffs are entitled to any relief sought or claimed in paragraphs 1-12 of the Prayer for Relief, or otherwise.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Patent Validity/Failure to State a Claim for Which Relief Can be Granted)

U.S. Patent 11,930,789 ("the '789 patent) was fully examined and validly issued by the by the United States Patent and Trademark Office ("USPTO") and satisfies all conditions of patentability set forth in 35 U.S.C. § 101 *et seq.*.  The '789 patent is in full force and effect and enjoys a presumption of validity.  The prior art summarily referenced in the Complaint was fully considered by the USPTO and the claims of the '789 patent were found to be patentable over such prior art.  Plaintiff's Count II fails to assert a *prima facie* showing of invalidity of any claim of the '789 patent and, therefore, fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**
**(No Tortious Act - Truth/Good Faith)**

All factual statements made in connection with Defendant's Amazon APEX submission(s) were either true or believed to be true when made.  Defendant's participation in the Amazon APEX program, a third-party intellectual rights arbitration program, was conducted in a good faith effort to protect Defendant's legitimate business interest.

**Third Affirmative Defense**
**(Litigation Privilege)**

The Amazon APEX program is a quasi-judicial proceeding and Defendant's good faith factual and legal allegations made in connection therewith are privileged and immune from tort liability for tortious interference, as alleged in Count III.

**Fourth Affirmative Defense**
**(Failure to State a Claim – Count III)**

Count III of the First Amended Complaint fails to state a claim upon which relief can be granted for several reasons.

Plaintiff does not allege an existing contractual relationship being interfered with by Defendant.  Any alleged expectation of prospective economic advantage based on ongoing participation as a seller on Amazon must necessarily be limited by Amazon's own terms, conditions and policies regarding sellers, which includes the Amazon APEX program through which Amazon may remove product listings after a determination is made by an APEX evaluator that a patent owner is likely to be able to prove infringement.  Amazon taking down a product listing based on its own seller's policies and independent review is wholly consistent with, and does not interfere with, any

"reasonable expectation of economic advantage" of an Amazon seller and does not support a claim of tortious interference.

Plaintiff's conclusory allegations of "malice and an intent to harm Plaintiff's businesses" have no factual support.

Defendants' APEX complaint against Plaintiff's M Tray product was denied and Plaintiff's sales of such products were not interrupted; no damages resulted from Plaintiff's allegations regarding the M Tray product.  Absent damages, Count III fails to state a claim for which relief can be granted with respect to the M Tray product.

As confirmed by the allegations in the FAC, any interruption of sales of Plaintiffs' Flat Tray product is the result of an independent determination by Amazon that such product is likely to infringe claim 18 of the '789 Patent, directly contradicting the allegations of "clear and obvious lack of infringement" or that Defendant was "asserting frivolous and uniformed [sic] claims of patent infringement" against the Flat Tray product.

Moreover, any damages resulting from the alleged interruption of sales of the Flat Tray product is the result of Amazon's independent evaluation and action.  Absent damages attributable to a tortious act by Defendant, Count III fails to state a claim for which relief can be granted with respect to the Flat Tray product.

## COUNTERCLAIM

Debra LoFranco hereby brings the following counterclaim against Counterclaim-Defendants Shanghai Qianzhuo Network Technology Co., Ltd. a/k/a FutureDiamond and

Shanghai Lanpin Haizhuo Technology Co., Ltd. a/k/a LovIntry, (collectively,

"Counterclaim-

Defendants") and state as follows

## Jurisdiction & Venue

1.      Counterclaim Plaintiff brings this action under 35 U.S.C. § 101 et seq.

2.      This Court has subject matter jurisdiction over these counterclaims

pursuant to 28 U.S.C. §§ 1331 and 1338.

3.      Counterclaim-Defendants are foreign companies which affirmatively

asserted the jurisdiction of this Court.  Venue is proper in this District at least under 28

U.S.C. §§ 1391(c)(3).

## FACTUAL BACKGROUND

4.      Counterclaim-Plaintiff is the owner of U.S. Patent No. 11,930,789,

entitled Pet Toy ("the '789 patent").

5.      Upon information and belief, Counterclaim-Defendants are foreign

corporations which sell the accused products on online marketplaces, such as Amazon,

under the brand name "Lovintry."

6.      Upon information and belief, Counterclaim-Defendants import, distribute,

sell, and offer to sell in the United States pet scratch board products which infringe at

least one claim of the '789 patent.  Such activities are not authorized by Counterclaim

Plaintiff.

7.      Counterclaim-Defendants have had knowledge of the '789 patent from at

least as early as March 2025, when Counterclaim-Plaintiff first initiated an Amazon

APEX proceeding against a "Lovintry" product.

**FIRST COUNT**
**Inducement (Accused M Board Product)**

8.     Upon information and belief, Counterclaim-Defendant imports, distributes, sells, and offers to sell in the United States, including in this judicial district, the Lovintry M board, on Amazon under ASINs B0CSSHMCJ2, B0CSSSM2DW, and B0D5119ZXZ ("Accused M Board Product").

9.     The Accused M Board Product is partially illustrated in Paragraph 21 of the First Amended Complaint ("FAC"), which shows a top perspective view of the product:



10.     As shown, the Accused M Board Product is "[a] pet toy comprising: a body having an upper face, a lower face, a top side, a bottom side, a left side, and a right side" as set forth in claim 18 of the '789 patent, either literally or under the doctrine of equivalents.

11.	Also as shown in paragraph 21 of the FAC, the Accused M Board Product has "the body having an internal central cavity; and at least one aperture formed in the body for accessing the internal central cavity; at least one handle extending from the group consisting of the top side, the bottom side, the left side, and the right side of the body for grasping the pet toy," of claim 18, either literally or under the doctrine of equivalents.

12.	While not shown in the FAC, Counterclaim Defendants have imported and sold in the United States Accused M Board Products which further include: instructions regarding the installation and use of the product, four "anti-slip rubber pads," and additional adhesive backed sand paper.

13.	The instructions for the Accused M Board Product direct customers to "attach non-slip rubber stickers.  Find the places where the scratching board is in contact with the floor when it is used, and put non-slip rubber stickers on it."

14.	The instructions further direct customers that "[f]or the regular type, we also provide a piece of sandpaper (the smaller one) for the back, You can paste the sandpaper by yourself and guide the dog to use the back."  Upon information and belief, at least some customers following the instructions apply the provided additional sandpaper on the back surface "and guide the dog to use the back."

15.	Upon information and belief, at least some customers following the instructions apply the "non-slip rubber stickers" such that "at least one of the upper face and the lower face including: a pad surface for adhering an abrasive material; and a guard projection extending in a perpendicular direction with respect to the pad surface and configured to prevent the abrasive material from contacting a flat surface upon which the

pet toy is placed," as set forth in claim 18, either literally or under the doctrine of equivalents. When so arranged by a customer, the Accused M Board Product directly infringes claim 18 of the '789 patent, either literally or under the doctrine of equivalents.

16.    The instructions provided by Counterclaim-Defendants with the Accused M Board Product intentionally encourage customers to configure the product within the scope of claim 18 of the '789 patent.

17.    Upon information and belief, Counterclaim-Defendants have recently stopped including the "non-slip rubber stickers" in the product packaging as shipped but still include the same instructions for customers to "attach non-slip rubber stickers. Find the places where the scratching board is in contact with the floor when it is used, and put non-slip rubber stickers on it."

18.    Upon information and belief, even without supplying the "non-slip rubber stickers" Counterclaim-Defendants intend its customer to follow the included instructions such that customers will obtain and apply adhesive rubber feet/pads (which are readily available in retailers an online markets where the Accused M Board Product is sold, e.g., Amazon) such that "at least one of the upper face and the lower face including: a pad surface for adhering an abrasive material; and a guard projection extending in a perpendicular direction with respect to the pad surface and configured to prevent the abrasive material from contacting a flat surface upon which the pet toy is placed," as set forth in claim 18, either literally or under the doctrine of equivalents. When so arranged by a customer following Counterclaim-Defendants' instructions, the Accused M Board Product directly infringes claim 18 of the '789 patent, either literally or under the doctrine of equivalents.

19.  Upon information and belief, since at least March 2025, Counterclaim-Defendants have had knowledge of the '789 patent, have had knowledge of the infringing configuration, and have intended to cause infringement of the '789 patent.

20.  Counterclaim-Defendants induce infringement claim 18 of the '789 patent under 35 U.S.C. § 271(b).

21.  Counterclaim-Plaintiff is entitled to money damages to compensate for Counterclaim-Defendants' infringement in an amount to be determined at trial and no less than a reasonable royalty.

22.  Counterclaim-Defendants' inducement of infringement of the '789 patent has been willful making this case exceptional under 35 U.S.C. § 285.

23.  Counterclaim-Defendants should be enjoined for ongoing and future infringement and inducement of infringement of the '789 patent under 35 U.S.C. § 283.

## PRAYER FOR RELIEF

Counterclaim-Plaintiff respectfully requests the following relief:

1)  A judgment that Counterclaim-Defendants' customers have infringed, and Counterclaim-Defendants have induced such infringement of the '789 Patent;

2)  Preliminary and permanent injunctions against future infringement and inducement of infringement of the '789 Patent;

3)  An award of damages sufficient to compensation for the patent infringement under 35 U.S.C. §284;

4)  A finding that this case is exceptional and awarding Counter-claim plaintiff treble damages and its reasonable attorney's fees.

5)  Costs and interest;

6)      Any further relief the Court deems just and proper.

## JURY DEMAND

Defendant and Counterclaim-Plaintiff,  Debra LoFranco, hereby demands a trial by jury on all issues so triable under Fed. R. Civ. P. 38.

## LOCAL CIVIL RULE 11.2 CERTIFICATION

The undersigned hereby certifies that the matter in controversy in this matter is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

Respectfully submitted,


Avram E. Frisch, Esq.
**The Law Office of Avram E. Frisch LLC**
1 University Plaza
Suite 119
Hackensack, NJ 07601
201-289-5352
frischa@avifrischlaw.com

Paul D. Ackerman  Esq. (pro hac *PENDING*)
**ACKnowledge IP P.C**.
6800 Jericho Turnpike
Suite 120W
Syosset NY  11791
631-970-7060
paul@acknowledgeip.com

Counsel for Defendant, Counterclaim Plaintiff

## CERTIFICATE OF SERVICE

The undersigned hereby certified that on May 5, 2026 a true and accurate copy of the foregoing document was served on Plaintiffs' counsel and all counsel of record via the court's ECF system

_____

Avram E. Frisch
Counsel for Defendant