## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

SHANGHAI QIANZHUO NETWORK
TECHNOLOGY CO., LTD. A.K.A
FUTUREDIAMOND AND SHANGHAI
LANPIN HAIZHUO TECHNOLOGY CO., LTD.
A.K.A. LOVINTRY,

     Plaintiffs,

v.

DEBRA LOFRANCO,

    Defendant.

Case No. 2:25-cv-15740-CCC-LDW

Hon. Clair C. Cecchi, USDJ

### PLAINTIFFS' ANSWER TO DEFENDANT, DEBRA LOFRANCO'S AMENDED COUNTERCLAIM

Plaintiffs Counterclaim Defendants Shanghai Qianzhuo Network Technology Co., Ltd. a.k.a

Futurediamond and Shanghai Lanpin Haizhuo Technology Co., Ltd. a.k.a. Lovintry

("Plaintiffs/Counterclaim Defendants") hereby Answers Defendant Counterclaimant Debra

LoFranco's ("Defendant Counterclaimant") counterclaims as follows:

### JURISDICTION & VENUE

1.    Plaintiffs bring this action under 35 U.S.C. § 101 et seq.

**ANSWER**:    This paragraph calls for legal conclusions requiring neither admission nor denial.

2.    This Court has subject matter jurisdiction over these counterclaims pursuant to 28

U.S.C. §§ 1331 and 1338.

**ANSWER**:    This paragraph calls for legal conclusions requiring neither admission not denial.

3.    Plaintiffs are foreign companies which affirmatively asserted the jurisdiction of this

Court. Venue is proper in this District at least under 28 U.S.C. §§ 1391(c)(3).

**ANSWER**:    This paragraph calls for legal conclusions requiring neither admission nor denial.
Plaintiffs admit that each is a foreign company. All else is denied.

1

#2018970v1

## FACTUAL BACKGROUND

4.      Defendant is the owner of U.S. Patent No. 11,930,789, entitled Pet Toy ("the '789 patent").

**ANSWER**:     Plaintiffs have insufficient information respecting the allegations set forth in this paragraph and therefore it is denied.

5.      Upon information and belief, Counterclaim-Defendants are foreign corporations which sell the accused products on online marketplaces, such as Amazon, under the brand name "Lovintry."

**ANSWER**:     Plaintiffs admit that each is a foreign company that sells the accused M-board product online, including on Amazon, under the brand name Lovintry.  All else is denied.

6.      Upon information and belief, Plaintiffs import, distribute, sell, and offer to sell in the United States pet scratch board products which infringe at least one claim of the '789 patent. Such activities are not authorized by Defendant.

**ANSWER**:     Denied.

7.      Plaintiffs have had knowledge of the '789 patent from at least as early as March 2025, when Defendant first initiated an Amazon APEX proceeding against a "Lovintry" product.

**ANSWER**:     Plaintiffs admit that each learned of the '789 patent through LoFranco's interference with its Amazon sales.  All else is denied.

## FIRST COUNT
### Inducement (Accused M Board Product)

8.      Upon information and belief, Plaintiffs import, distribute, sell, and offer to sell in the United States, including in this judicial district, the Lovintry M board, on Amazon under ASINs B0CSSHMCJ2, B0CSSSM2DW, and B0D5119ZXZ ("Accused M Board Product").

**ANSWER**:     Admitted.

9.      The Accused M Board Product is partially illustrated in Paragraph 21 of the First Amended Complaint ("FAC"), which shows a top perspective view of the product:

2



**ANSWER**:    Admitted.

10.    As shown, the Accused M Board Product is "[a] pet toy comprising: a body having an upper face, a lower face, a top side, a bottom side, a left side, and a right side" as set forth in claim 18 of the '789 patent, either literally or under the doctrine of equivalents.

**ANSWER**:    Denied.

11.    Also as shown in paragraph 21 of the FAC, the Accused M Board Product has "the body having an internal central cavity; and at least one aperture formed in the body for accessing the internal central cavity; at least one handle extending from the group consisting of the top side, the bottom side, the left side, and the right side of the body for grasping the pet toy," of claim 18, either literally or under the doctrine of equivalents.

#2018970v1

**ANSWER**:    Denied.

12.    While not shown in the FAC, Counterclaim Defendants have imported and sold in the United States Accused M Board Products which further include: instructions regarding the installation and use of the product, four "anti-slip rubber pads," and additional adhesive backed sand paper.

**ANSWER**:    Admitted.

13.    The instructions for the Accused M Board Product direct customers to "attach non-slip rubber stickers. Find the places where the scratching board is in contact with the floor when it is used, and put non-slip rubber stickers on it."

**ANSWER**:    Admitted.

14.    The instructions further direct customers that "[f]or the regular type, we also provide a piece of sandpaper (the smaller one) for the back, You can paste the sandpaper by yourself and guide the dog to use the back." Upon information and belief, at least some customers following the instructions apply the provided additional sandpaper on the back surface "and guide the dog to use the back."

**ANSWER**:    Denied.

15.    Upon information and belief, at least some customers following the instructions apply the "non-slip rubber stickers" such that "at least one of the upper face and the lower face including: a pad surface for adhering an abrasive material; and a guard projection extending in a perpendicular direction with respect to the pad surface and configured to prevent the abrasive material from contacting a flat surface upon which the pet toy is placed," as set forth in claim 18, either literally or under the doctrine of equivalents. When so arranged by a customer, the Accused M Board Product directly infringes claim 18 of the '789 patent, either literally or under the doctrine of equivalents.

#2018970v1

**ANSWER**:    Denied.

16.    The instructions provided by Plaintiffs with the Accused M Board Product intentionally encourage customers to configure the product within the scope of claim 18 of the '789 patent.

**ANSWER**:    Denied.

17.    Upon information and belief, Plaintiffs have recently stopped including the "non-slip rubber stickers" in the product packaging as shipped but still include the same instructions for customers to "attach non-slip rubber stickers. Find the places where the scratching board is in contact with the floor when it is used, and put non-slip rubber stickers on it."

**ANSWER**:    Denied.

18.    Upon information and belief, even without supplying the "non-slip rubber stickers" Plaintiffs intend its customer to follow the included instructions such that customers will obtain and apply adhesive rubber feet/pads (which are readily available in retailers an online markets where the Accused M Board Product is sold, e.g., Amazon) such that "at least one of the upper face and the lower face including: a pad surface for adhering an abrasive material; and a guard projection extending in a perpendicular direction with respect to the pad surface and configured to prevent the abrasive material from contacting a flat surface upon which the pet toy is placed," as set forth in claim 18, either literally or under the doctrine of equivalents. When so arranged by a customer following Plaintiffs instructions, the Accused M Board Product directly infringes claim 18 of the '789 patent, either literally or under the doctrine of equivalents.

**ANSWER**:    Denied.

19.    Upon information and belief, since at least March 2025, Plaintiffs have had knowledge of the '789 patent, have had knowledge of the infringing configuration, and have intended to cause infringement of the '789 patent.

#2018970v1

**ANSWER**:    Denied.

20.    Plaintiffs induce infringement claim 18 of the '789 patent under 35 U.S.C. § 271(b).

**ANSWER**:    Denied.

21.    Counterclaim-Plaintiff is entitled to money damages to compensate for Plaintiffs' infringement in an amount to be determined at trial and no less than a reasonable royalty.

**ANSWER**:    Denied.

22.    Plaintiffs' inducement of infringement of the '789 patent has been willful making this case exceptional under 35 U.S.C. § 285.

**ANSWER**:    Denied.

23.    Plaintiffs should be enjoined for ongoing and future infringement and inducement of infringement of the '789 patent under 35 U.S.C. § 283.

**ANSWER**:    Denied.

**AFFIRMATIVE DEFENSES**

FIRST AFFIRMATIVE DEFENSE
Failure to State a Claim

To adequately state a claim for infringement of a patent, a patent owner must set forth sufficient facts to show that the accused product meets each and every limitation of at least one claim.  Defendant's Counterclaim fails to meet this base requirement.  Accordingly, even if all Defendant's well-pleaded facts were true, Counterclaim-Plaintiff's complaint still fails to set forth a claim upon which the relief it seeks could ever be granted.

SECOND AFFIRMATIVE DEFENSE
Invalidity 35 U.S.C. §102 et seq.

The '789 patent is invalid under 35 U.S.C. §102 et seq.  For example, long before Defendant had ever filed for patent protection, dog scratch toys protective elements extending perpendicular to the pad surface were on sale and sold, some of which also included food

6

#2018970v1

compartments.  Such products include the ScratchPad™ and the DiggerDog Nail File.  In view of at least the foregoing prior art, the asserted claim of the '789 patent is invalid under 35 U.S.C. §102 et seq.

## THIRD AFFIRMATIVE DEFENSE
### Unclean Hands

Defendant has continuously intentionally interfered with Plaintiffs' business.  She has perpetuated unfounded assertions of infringement and actively and intentionally dissuaded third parties from engaging in business with Plaintiffs. In response to LoFranco's unfounded assertions, one or more third parties, such as Amazon, did actively prevent Plaintiffs from selling products through their websites.  LoFranco's actions were undertaken with malice or with reckless disregard for Plaintiffs' rights.  LoFranco is not entitled to any equitable relief due to her unclean hands.

## **PRAYER FOR RELIEF**

Plaintiffs respectfully request the following relief:

1)    A judgment against Defendant's customers have infringed, and Defendant has induced such infringement of the '789 Patent;

2)    Preliminary and permanent injunctions against future infringement and inducement of infringement of the '789 Patent;

3)    An award of damages sufficient to compensation for the patent infringement under 35 U.S.C. §284;

4)    A finding that this case is exceptional and awarding Plaintiff's treble damages and its reasonable attorney's fees.

5)    Costs and interest;

7

6)      Any further relief the Court deems just and proper.


Dated: May 19, 2026                          Respectfully submitted,

/s/ *Dennis J. Drasco*                         /s/ *Matthew De Preter*
   Dennis J. Drasco                              Matthew De Preter (pro hac vice)
JAVERBAUM WURGAFT HICKS KAHN      ARONBERG GOLDGEHN
WIKSTROM & SININS, P.C.
103 Eisenhower Parkway – Suite 401      225 West Washington – Suite 2800
Roseland, New Jersey 07068-1049          Chicago, Illinois 60606
973-403-9000                                        312-828-9600
ddrasco@lawjw.com                            cdepreter@agdglaw.com

**Counsel For Plaintiffs/Counterclaim Defendants**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certified that on May 19, 2026 a true and accurate copy of the foregoing

document was served on Plaintiffs/Counterclaim Defendants counsel and all counsel of record via

the court's ECF system.


                                   /s/     *Matthew DePreter*
                                           Matthew De Preter (*pro hac vice*)

8

#2018970v1