**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SHANGHAI QIANZHUO NETWORK TECHNOLOGY CO., LTD. A.KA FUTUREDIAMOND AND SHANGHAI LANPIN HAIZHUO TECHNOLOGY CO., LTD. A.KA. LOVINTRY, <br><br><br> Plaintiffs, <br><br> v. <br><br><br> DEBRA LOFRANCO, <br><br><br> Defendant. | Case No. 25-cv-15740-CCC |

## RULE 26(f) REPORT

Pursuant to Federal Rule of Civil Procedure (FRCP) 26(f), the undersigned counsel for Plaintiffs and for Defendant conferred concerning the topics outlined in this discovery plan:

1.      Jurisdiction and Service. This Court has subject matter jurisdiction over this patent infringement action under 28 U.S.C. §§ 1331 and 1338(a) because the action arises under the U.S. Patent Act, 35 U.S.C. § 100 et seq, and specifically pursuant to 35 U.S.C. §271. Plaintiff alleges Defendant was served on October 24, 2025 (Dkt. 8). Plaintiff thereafter was granted leave to file an Amended Complaint and did so on December 3, 2025 (see Dkt. 26) and Defendant Answered and filed Counterclaims on December 15, 2025 (see Dkt 29).  The Parties agreed to Defendant's filing of an Amended Answer, Affirmative Defenses, and Counterclaims, which Defendant filed on May 5, 2026 (Dkt. 47).  Plaintiff filed its Answer and Affirmative Defenses to the Defendant's

1

Amended Answer and Counterclaims on May 19, 2026 (Dkt. 49).

2.    <u>Nature of Claims and Defenses</u>. Plaintiff filed this as a Declaratory Judgment action pertaining to alleged patent infringement involving United States Patent Number 11,930,789 ("the '789 Patent"), which is directed to a pet toy, and included a claim for tortious interference.

Plaintiff asserts that the products it sells do not infringe any claim of the '789 patent and that the '789 patent is invalid under at least 35 U.S.C §102 and 103.

Defendant has filed an Answer, denying the salient claims of Plaintiffs' Amended Complaint, and asserted affirmative defenses.    Defendant has filed its First Amended Counterclaim asserting one count that Counterclaim-Defendants induce infringement claim 18 of the '789 patent under 35 U.S.C. § 271(b) through their sale of the M-Board and related instructions for operation and use of the M-Board.

3.    <u>Initial Disclosures</u>. The deadline for the parties to exchange initial disclosures pursuant to Rule 26(a)(1) is May 18, 2026.  The parties have exchanged initial disclosures.

4.    <u>Pending Motions</u>. Plaintiffs' motion to dismiss for temporary restraining order is currently pending. See Dkt. 18.

5.    <u>Anticipated Discovery</u>. Plaintiff anticipates taking discovery on Defendant's knowledge of Plaintiff's product, communications and analyses of Plaintiff's product, Amazon complaints, knowledge of the prior art and scratch toy industry, and sales.

Defendant and Counterclaim-Plaintiff anticipates discovery relating to the design, development, manufacture, marketing, distribution, offer for sale, and sale of the Plaintiffs' M-board and Flat Tray products and any variants and modifications thereof.   Defendant and Counterclaim-Plaintiff anticipates discovery related to Plaintiff's asserted claims and defenses, including any basis for alleged invalidity or non-infringement of any claim of the '789 patent,

2

including all prior art considered or relied on, and any evidence related to Defendants' alleged tortious interference.

Defendant and Counterclaim-Plaintiff further anticipates discovery concerning Plaintiff's business structure and business activities relating to the M-Board and Flat Tray products, and variants thereof. Discovery is expected to include financial information sufficient to determine Plaintiffs' sales, revenues, profits, costs, pricing, profit margins, marketing expenditures, distribution channels, and the scope of commercial activities relating to the M-board and Flat Tray products in the United States.

6.      Discovery Limitations: subject to agreement of the parties or a showing of good cause and leave of Court discovery shall proceed and be governed by the limits set forth in the Federal Rules of Civil Procedure.

7.      Discovery Schedule. The parties jointly propose the following discovery deadlines and schedule pursuant to this Court 's local patent rules:

| Deadline | Date |
|---|---|
| Fact Discovery Opens: | May 18, 2026 |
| Amendment to the pleadings | N/A |
| Final Date to Issue Written Discovery | 45 days prior to fact discovery close |
| The parties shall complete fact discovery. | 60 days after Markman Ruling |
| The parties shall serve opening experts' reports under FRCP 26(a)(2) on issue for which they bear the burden of proof | 90 days after Markman Ruling |
| The parties shall serve rebuttal expert reports under FRCP 26(a)(2) | 120 days after Markman Ruling, but in no event less than 30 days after service by opposing party |
| Expert discovery shall be completed. | 150 days after Markman Ruling |

3

**8.** <u>Local Patent Rules Deadlines.</u> The parties agree to the following additional deadlines set forth in the Local Patent Rules for the District of New Jersey:

| Deadline | Date |
| --- | --- |
| Disclosure of Asserted Claims and Infringement Contentions (L.Pat. R. 3.1) | Served on May 18, 2026 |
| Document Production Accompanying Disclosure under L. Pat. R. 3.1 (L. Pat. R. 3.2) | Served on May 18, 2026, contemporaneously with Disclosure of Asserted Claims and Infringement Contentions (L.Pat. R. 3.1) |
| Non-Infringement Contentions and Responses (L. Pat. R. 3.2A) | 45 days after Disclosure of Asserted Claims and Infringement Contentions (L.Pat. R. 3.1) |
| Invalidity Contentions (L. Pat. R. 3.3) | 45 days after Disclosure of Asserted Claims and Infringement Contentions (L.Pat. R. 3.1), *i.e.* July 2, 2026 |
| Document Production Accompanying Invalidity Contentions L. Pat. R. 3.3 (L. Pat. R. 3.4) | Contemporaneously with Invalidity Contentions (L. Pat. R. 3.3), *i.e.*, July 2, 2026 |
| Responses to Invalidity Contention (L. Pat. R. 3.4A) | 14 days after service of Invalidity Contentions (L. Pat. R. 3.3) |
| Advice of Counsel (L. Pat. R. 3.8) | 30 days after Court enters claim construction order |
| Exchange of Proposed Terms for Construction (L. Pat. R. 4.1) | 14 days after service of Responses to Invalidity Contention (L. Pat. R. 3.4A) |
| Exchange of Preliminary Claim Constructions and Extrinsic Evidence (L. Pat. R. 4.2) | 21 days after Exchange of Proposed Terms for Construction (L. Pat. R. 4.1) |

| Joint Claim Construction and Prehearing Statement (L.Pat. R. 4.3) | 30 days after Exchange of Preliminary Claim Constructions and Extrinsic Evidence (L. Pat. R. 4.2) |
|---|---|
| Completion of Claim Construction Discovery (L. Pat. R. 4.4) | 30 days after service and filing of Joint Claim Construction and Prehearing Statement (L. Pat. R. 4.3) |
| Opening Markman Briefs (L. Pat. R. 4.5(d)) | 45 days after Non-Infringement Contentions and Responses (L. Pat. R. 3.2A) and/or Responses to Invalidity Contention (L. Pat. R. 3.4A) |
| Responding Markman Briefs (L. Pat. R. 4.5(d)) | 30 days after Opening Markman Briefs (L. Pat. R. 4.5(d)) |
| Meet and Confer to Proposed Schedule for Claim Construction Hearing (L. Pat. R. 4.5) | 2 weeks following Responding Markman Briefs (L. Pat. R. 4.5(d)) |

9.    Confidentiality. The parties believe that a confidentiality order may be necessary and will submit a proposed agreed upon protective order.

10.    Electronic Service. The parties agree that communications and service of documents will occur by email to counsel of record and/or to the Defendant who is currently pro se. For purposes of motions, briefs, or other court filings, ECF shall be effective on the calendar date served. For purposes of discovery requests, service by email shall be effective on the date served. For purposes of discovery responses, service by email shall be effective on the calendar date served.

11.     Consent for Magistrate Judge. The parties do not consent to the jurisdiction of the United States Magistrate Judge under 28 U.S.C. § 636(c) to conduct all proceedings, including trial and entry of judgment.

12.     Modification. This agreement may be modified by a signed agreement by the parties or by the Court for good cause shown.


Respectfully Submitted,


_____                    /s/ Paul D. Ackerman

Matthew De Preter *(Pro Hac Vice)*           Paul D. Ackerman (*Pro Hac Vice*)
Illinois Bar No. 6291503                     New York Bar No. 2756849
ARONBERG GOLDGEHN                            **ACKnowledge IP P.C.**
225 West Washington, Suite 2800              6800 Jericho Turnpike, Suite 120W
Chicago, Illinois 60606                      Syosset NY 11791
312.828.9600                                 631.970.7060
cdepreter@agdglaw.com                        paul@acknowledgeIP.com

***Attorneys for Plaintiffs***              ***Attorneys for Defendant***


/s/  *Dennis J. Drasco*
Dennis J. Drasco
New Jersey Bar ID 002181973
JAVERBAUM WURGAFT
HICKS KAHN WIKSTROM &
SININS, P.C.
103 Eisenhower Parkway, Ste 401
Roseland, New Jersey 07068-1049
973.228.6770
ddrasco@lawjw.com
***Attorneys for Plaintiffs***

6