**ACKnowledge IP P.C.**

Intellectual Property Law & Consulting

ACKnowledge IP P.C.
6800 Jericho Tpke
Suite 120W
Syosset, NY  11791
631.970.7060
ACKnowledgeIP.com

Paul D. Ackerman
+1.516.376.4046 (Mobile)
paul@acknowledgeIP.com

August 13, 2026

Hon. Claire C. Cecchi
United States District Court
District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

> RE:    Shanghai Qianzhuo Network Tech. et al. v. Debra LoFranco,
>        2:25-cv-15740CCC-LDW

Your Honor:

The undersigned is lead counsel for defendant, Debra LoFranco.  We are writing to provide an update to the Court that we believe is relevant to Plaintiffs' pending motion for a temporary restraining order, filed on November 20, 2025.  (Doc. 18).

Plaintiffs' motion seeks injunctive relief regarding Defendants' alleged "interference" with listings of two products offered on online marketplaces by Plaintiffs, such as Amazon and Walmart.com.

The first product, the "M-Tray," was evaluated under the Amazon APEX program and, based on the Amazon evaluator's determination that Defendant was unlikely to establish infringement, that product's listing was undisturbed.  The M-Tray product continues to be sold by Plaintiffs, at least on Amazon.

The second product, the "Flat Tray" (ASIN B0FFSKXXFY), was also evaluated by Amazon as being substantially the same as a previous product evaluated under the APEX program where infringement was found to be likely by an Amazon evaluator.  The listing for the Flat Tray was removed by Amazon on or about August 5, 2025.  Since that time, Defendant understood that the Flat Tray product was not being sold, and was not otherwise available, in the United States.

Defendant served its infringement contentions on May 18, 2026.  With respect to the Flat Tray, the undersigned found no evidence of sales in the U.S. and could not fully evaluate this product with the rigor required under LPR 3.1.  As such, Defendant's contentions noted:

1

Defendant has no reasonable basis to believe that Plaintiff's "Flat Tray" products are currently being made, used, sold or offered for sale in the United States. Accordingly, Defendant currently has no basis on which to affirmatively assert infringement by Plaintiff's Flat Tray product variant, but reserves its right to do so should discovery establish that such product is being supplied in the United States by Plaintiffs in contravention of any section of 35 U.S.C. § 271.

On July 8, 2026, counsel for Plaintiffs' advised Defendant that the Flat Tray product was now being sold by Plaintiffs under the brand "Dookron"[1] on Walmart.com. In response, we promptly obtained a sample of this product from Walmart.com for evaluation.

The evaluation revealed, *inter alia*, that there were notable differences in the current Flat Tray product, at least in the product packaging with respect to instructions for use. Following our full review of the obtained exemplar of the Flat Tray, we determined that Defendant would not be asserting infringement in this action against the current configuration of the Flat Tray product. Plaintiffs' counsel was advised of this determination in a letter dated July 23, 2026. Counsel was further advised that Defendant would not lodge further complaints with Walmart.com (where the product is currently being sold) or Amazon (if Plaintiffs choose to introduce a listing for this version of the product), against the current configuration of the Flat Tray.

We respectfully submit that this recent development with respect to the current Flat Tray product is relevant to the pending motion for a TRO in that (1) ongoing sales in the U.S. by Plaintiffs' of *both* products that are the subject of the motion further demonstrate the absence of irreparable harm to Plaintiffs required for injunctive relief; and (2) the relief sought by Plaintiffs' is now largely, if not entirely, moot.

Respectfully submitted,

/s/ *Paul D. Ackerman*

Paul D. Ackerman (*pro hac vice*)

cc:    All counsel of record via ECF

---

[1] "Dookron" is not a brand referenced in the complaint and Defendant was unaware that Dookron was a brand selling Plaintiffs' products.

2