**IN THE UNITED STATES DISTRICT COURT**
**THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Shanghai Qianzhuo Network Technology Co., Ltd. a.k.a. FutureDiamond and Shanghai Lanpin Haizhuo Technology Co., Ltd. a.k.a. LovIntry,<br><br>Plaintiffs,<br>v.<br><br>Debra LoFranco,<br><br>Defendant. | Case No. 25-cv-15740-CCC-LDW |

# STATUS REPORT

Plaintiffs Shanghai Qianzhuo Network Technology Co. Ltd. and Shanghai Lanpin Haizhou Technology Co. ("Plaintiffs"), provide this status report.

## I. Status of Settlement of the Flat Tray and TRO

This issue remains outstanding. The parties have exchanged various proposals. The discussions stalled. Plaintiffs are not willing to abandon their declaratory judgment claim in the absence of an unequivocal stipulation of non-infringement or, alternatively, a court order confirming non-infringement. Defendant Debra LoFranco ("Defendant") will not confirm that the Flat Tray does not infringe and instead proposes a covenant not to sue regarding the "current version" of the Flat Tray as Defendant defines it. Defendant distinguishes between the Flat Tray that Plaintiffs sold in a box that referenced "instructions," and the Flat Tray is sold in a revised package that removed the reference to "instructions."

On September 3, 2026, Defendant submitted a request to Amazon to withdraw the Complaint and relist Plaintiffs' Amazon Standard Identification Number ("ASIN") B0FFSKXXFY. Amazon has not responded, and the ASIN remains unlisted. The Parties will continue to reach out to Amazon to seek Amazon's assistance in relisting the ASIN.

Plaintiffs assert that, in view of the lack of agreement regarding Plaintiffs' claim of non-infringement of the Flat Tray and the outstanding issues with the Amazon relisting, all matters in this litigation respecting the Flat Tray are not resolved and remain pending.

## II. Claims Remaining.

### A. Plaintiffs' Claims

Plaintiffs assert claims for Declaratory Judgment of non-infringement of their Flat Tray and the M Tray products, Declaratory Judgment of Invalidity of the '789 patent at issue, and Tortious Interference by Defendant respecting Plaintiffs' sale of those two products.

### B. Defendant's Counterclaim

Defendant asserts a single counterclaim of Inducement of Infringement of the M Tray Product.

## III. Potential Motions

### A. Defendant's Motion

Defendant has advised Plaintiffs that if Plaintiffs do not agree to its stipulation, Defendant will seek to file a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. Plaintiffs oppose.

Respectfully Submitted,

/s/
Matthew De Preter *(Pro Hac Vice)*
Illinois Bar No. 6291503
**Aronberg Goldgehn**
225 West Washington, Suite 2800
Chicago, Illinois 60606
312.828.9600
cdepreter@agdglaw.com

Rachel Ann Niedzwiadek
**Combs & Taylor LLP**
1025 Thomas Jefferson Street NW, Suite 400 W
Washington, DC 20007
202.448.1008 (P) | 202.466.0502 (F)
rachelann.niedzwiadek@combstaylor.com

*Attorneys for Plaintiffs*