**ACKnowledge IP P.C.**
*Intellectual Property Law & Consulting*

ACKnowledge IP P.C.
6800 Jericho Tpke
Suite 120W
Syosset, NY 11791
631.970.7060
ACKnowledgeIP.com

Paul D. Ackerman
+1.516.376.4046 (Mobile)
paul@acknowledgeIP.com

September 24, 2026

Hon. Claire C. Cecchi
United States District Court
District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

RE: Shanghai Qianzhuo Network Tech. et al. v. Debra LoFranco,
2:25-cv-15740CCC-LDW

Your Honor:

The undersigned is lead counsel for Defendant and Counterclaim-Plaintiff, Debra LoFranco. Further to the paragraph 25 of the Court's scheduling order dated July 8, 2026 (Doc. 60), we write to respectfully request leave to file a motion, pursuant to Fed. R. Civ. P. 12(b)(1), to dismiss Count I of Plaintiffs' First Amended Complaint (Doc. 26), in part, for lack of subject matter jurisdiction. The motion is limited to Plaintiffs' count for declaratory judgement of non-infringement of its "Flat Tray" product.

By way of background, Count I of the First Amended Complaint seeks a declaratory judgment that U.S. Patent No. 11,930,789 (the "'789 patent") is not infringed by two products, the "M-Tray" and the "Flat Tray" (Amazon ASIN B0FFSKXXFY). Count II seeks a declaratory judgment of invalidity, and Count III alleges tortious interference, each pled jointly as to both products. Defendant's Counterclaim separately alleges induced infringement of the '789 patent by the M-Tray. Defendant's anticipated motion does not concern the M-Tray, Counts II or III, or the Counterclaim; it is addressed solely to the Flat Tray component of Count I.

As the Court is aware from our August 13, 2026 letter regarding Plaintiffs' motion for a temporary restraining order (Doc. 18), Defendant advised Plaintiffs' counsel by letter dated July 23, 2026 that she would not assert infringement of the '789 patent against the current configuration of the Flat Tray product (now sold under the brand "Dookron"), and would not lodge further complaints against that product with Walmart.com or Amazon. Defendant has since notified Amazon that it has withdrawn, in its entirety, the original Amazon APEX complaint (No. 18219519711) that gave rise to Count I's Flat Tray allegations. Moreover, Ms. LoFranco is

prepared to memorialize an unconditional, irrevocable covenant not to sue, running to Plaintiffs and any other party buying, selling, or distributing the Flat Tray product, in a stipulated form of order, which states in relevant part:

> Ms. LoFranco stipulates that she will not assert any claim of past infringement of U.S. Patent No. 11,930,789 against either the Flat Tray Product previously sold under Amazon ASIN B0FFSKXXFY or against the Flat Tray Product currently being sold for any past, present, or future sales in the United States, against Plaintiffs or any other party.

Defendant respectfully submits that this covenant eliminates any "substantial controversy... of sufficient immediacy and reality to warrant the issuance of a declaratory judgment" regarding the infringement of the Flat Tray product. *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007).

It is well established that subject matter jurisdiction is required for each count and requires the existence of a "case or controversy." It is also well established that a sufficiently broad, unconditional, and irrevocable covenant not to sue moots a pending declaratory judgment claim even over the plaintiff's objection. *See Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91, 93 (2013). The covenant proposed by Ms. LoFranco satisfies that standard with respect to Plaintiff's Count I directed to the Flat Tray Product.

Because Count I separately seeks declaratory relief as to the M-Tray, Defendant's anticipated motion would seek dismissal only of the Flat Tray component of Count I, without prejudice to the M-Tray component, Counts II and III, or Defendant's Counterclaim, all of which would remain for adjudication. Although this motion is not case dispositive, the dismissal of Count I with respect to the Flat Tray will prevent directing resources to a count which is legally moot.

The parties have conferred regarding the proposed motion and Plaintiffs' counsel has indicated that Plaintiffs' will oppose the motion.

Defendant respectfully requests leave to file the motion described above on the Court's normal briefing schedule.

Respectfully submitted,

/s/ *Paul D. Ackerman*

Paul D. Ackerman (*pro hac vice*)

cc: All counsel of record via ECF